## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

HUMBERTO RIVAS-VIGIL, individually
and on behalf of all others similarly situated,

      Plaintiffs,

v.

TOYOTA MOTOR NORTH AMERICA, INC.;
TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC;
and TOYOTA MOTOR SALES, U.S.A., INC.,

      Defendants.

_____/

CASE NO.:

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

### CLASS ACTION COMPLAINT

Plaintiff, HUMBERTO RIVAS-VIGIL, by and through undersigned counsel, brings this action on his own behalf and on behalf of a Class of persons defined below against Defendants TOYOTA MOTOR NORTH AMERICA, INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., and TOYOTA MOTOR SALES, U.S.A., INC. (hereinafter collectively referred to as "TOYOTA") and for his Complaint alleges, upon information and belief and based on the investigation to date of his counsel, as follows:

### NATURE OF CASE

1.      This is a class action arising from the Toyota Defendants' manufacture and sale of defective automobiles which can suddenly and without warning accelerate out of control. In the last four months, the Toyota Defendants have instituted at least three voluntary recalls of these defective automobiles. The first recall occurred on September 29, 2009, with the Toyota Defendants claiming that the sudden unintended acceleration problem was caused by defective floor mats. The second recall occurred in early January 2010 and was an expansion of the first, including additional models

1

within the scope of the first recall and once again attributing the risk of sudden unintended acceleration to a problem with floor mats in the automobiles. The third voluntary recall was announced on January 21, 2010, and included a different set of automobiles, some within the scope of the first two recalls but others not. This third recall attributed the risk of sudden unintended acceleration to the "possibility that certain accelerator pedal mechanisms may, in rare instances, mechanically stick in a partially depressed position or return slowly to the idle position…." In total, these three recalls encompass well over 4 million vehicles (the "Recalled Vehicles").

2.      In conjunction with the third voluntary recall, the Toyota Defendants publically announced on January 26, 2010, that they would cease sales of eight models falling within the scope of the January 21, 2010 recall. The Toyota Defendants did not indicate in their announcement when sales of these eight models would resume, instead stating "[t]his action is necessary until a remedy is finalized."

3.      Finally, the Toyota Defendants have announced suggested actions consumers owning a Recalled Vehicle should take to ameliorate the risk of sudden unintended acceleration. With respect to the vehicles falling within the floor mat recall of September 2009 and January 2010, the Toyota Defendants have suggested consumers remove the floor mats and place them in the trunk pending the Toyota Defendants developing a permanent fix. With respect to vehicles falling within the most recent January 21, 2010 recall, the Toyota Defendants have suggested to consumers that "no action is required unless you feel you are experiencing this condition." The Toyota Defendants suggest that consumers would have reason to believe their vehicle is experiencing "this condition," if the consumer has "noticed that [the] accelerator pedal is hard to depress, slow to return or is unsmooth during operation." Finally, the Toyota Defendants has told consumers that if they experience any of these symptoms, "the vehicle should be driven to the nearest safe location, the engine shut off, and a Toyota dealer contacted for assistance."

4.      As of the filing of this Complaint, the Toyota Defendants have not announced permanent fix for any of the Recalled Vehicles. The Toyota Defendants has made no effort to provide affected consumers with any alternative means of transportation while a permanent fix is being developed or during the time it takes for any repairs recommended by the Toyota Defendants to be completed.

## PARTIES, JURISDICTION, AND VENUE

5.      Plaintiff HUMBERTO RIVAS-VIGIL is a resident of Broward County and citizen of the State of Florida and is otherwise *sui juris*. Plaintiff purchased a 2009 Toyota Corolla in November 2009 at Toyota of Hollywood in Hollywood, Broward County, Florida.

6.      Defendant, Toyota Motor North America, Inc. is a California corporation with its principal place of business located at 19001 South Western Avenue, Torrance, CA 90501.

7.      Defendant, Toyota Motor Engineering and Manufacturing North America, Inc., is a Kentucky corporation with its principal place of business located at 25 Atlantic Avenue, Erlanger, Kentucky 41018.

8.      Defendant, Toyota Motor Sales, USA, Inc. is a wholly owned subsidiary of Toyota Motor Corporation and is incorporated in California with its principal place of business at 19001 South Western Avenue, Torrance, CA 90501. The Toyota Defendants are in the business of manufacturing, producing, and distributing automobiles worldwide. At all material times, the Toyota Defendants have done, and continue to do, business in Florida and every other state in the nation.

9.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because this is a class action, as defined by 28 U.S.C. § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than the Defendants and the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(2).

3

10.     Venue lies in this District, pursuant to 28 U.S.C. 1391, because Plaintiff resides in this Judicial District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this Judicial District. In addition, Defendants do business and/or transact business in this Judicial District. In addition, Defendants do business and/or transact business in this Judicial District, and therefore, are subject to personal jurisdiction in this Judicial District and reside here for venue purposes.

## FACTUAL ALLEGATIONS

11.     Toyota is the largest automobile manufacturer in the United States in terms of number of sales per year.  Over the last ten years, Toyota has sold over 20 million vehicles in the United States.

12.     Toyota manufactures and sells various models of passenger and commercial vehicles to customers in each of the states, including the Avalon, Camry, Corolla, Highlander, Matrix, Rav4, Sequoia, and Tundra.

13.     Toyota operates manufacturing facilities in several different states, including, but not limited to, Alabama, California, Indiana, Kentucky, Texas, and West Virginia.

14.     On September 29, 2010, the National Highway Traffic Safety Administration ("NHTSA") announced Toyota's intention to recall approximately 4.3 million vehicles' floor mats which allegedly were causing the accelerator pedals in these same vehicles to become stuck in the depressed position causing uncontrollable and rapid acceleration of the vehicle.

15.     On January 21, 2010, Toyota announced that it was recalling 2.3 million vehicles produced in the years 2005 through 2010 due to problems with the accelerator pedals on those vehicles becoming stuck in a depressed position, causing unexpected and unsafe acceleration.

16.     To date, Toyota has recalled approximately 5.3 million vehicles for problems with accelerator pedals sticking.

17.    The affected models are the 2009 and 2010 Toyota RAV4, the 2009-2010 Toyota

Corolla, the 2009-2010 Toyota Matrix, the 2009-2010 Pontiac Vibe, the 2010 Toyota Highlander,

the 2007-2010 Toyota Tundra, the 2008-2010 Toyota Sequoia, and the 2007-2010 Toyota Camry

("Recalled Vehicles").

## CLASS ACTION ALLEGATIONS

### Numerosity of Class

18.    Plaintiff brings this class action on behalf of himself and all other similarly situated

for the purpose of asserting claims alleged in this Complaint on a common basis. Plaintiff's

proposed class, as defined under Federal Rules of Civil Procedure 23(b)(3) includes:

19.    Plaintiff proposes to act as a representative of the following class composed of:

> **All persons in the State of Florida who own a Recalled Vehicle (i.e. a vehicle
> subject to the voluntary recalls announced by the Toyota Defendants in
> September 2009 and January 2010.**
>
> Excluded from the class are the Toyota Defendants, officers, directors, board
> members or employees of the Toyota Defendants; any entity in which the Toyota
> Defendants have a controlling interest; affiliates, legal representatives, attorneys,
> heirs or assigns of the Toyota Defendants; any federal, state or local governmental
> entity, any judge, justice, or judicial officer presiding over this matter and the
> members of their immediate families and judicial staffs.

20.    The class consists of thousands of consumers. Upon information and belief, the

identities of these consumers are known to Toyota through their own records or are otherwise

ascertainable. Therefore, the proposed class is ascertainable but so numerous that joinder of all

members is impracticable.

### Commonality

21.    There are questions of law and fact common in the class, because each and every

class member is or will be asserting claims against Defendant. Common questions arise in every such

case, including:

5

a.  Whether the Toyota Defendants have manufactured and sold vehicles with a risk of unintended acceleration;

b.  Whether the Toyota Defendants knew of the risk of sudden unintended acceleration present in Recalled Vehicles and whether the Toyota Defendants concealed that risk from consumers; and,

c.  Whether the Toyota Defendants concealed information regarding the scope and cause of the risk of unintended sudden acceleration in Recalled Vehicles;

d.  Whether the Toyota Defendants engaged in unfair and deceptive acts and practices in connection with the manufacture, sale and marketing of Recalled Vehicles;

e.  Whether the Toyota Defendants' conduct amounts to an unfair and/or deceptive trade practice within the meaning of the Florida's Deceptive and Unfair Trade Practices Act;

f.  Whether the Toyota Defendants concealed, suppressed or omitted material facts when they failed to reveal to consumers that any of the Recalled Vehicles had a risk of sudden unintended acceleration or when they made statements to consumers regarding the potential causes of the risk of sudden unintended acceleration;

g.  Whether Plaintiff and members of the Class have sustained damages, and the proper measure of those damages;

h.  Whether Toyota has been unjustly enriched as a result of its conduct; and

i.  Whether Plaintiff and Class Members are entitled to injunctive relief.

**Typicality**

22.  The claims asserted by Plaintiff on behalf of himself are typical of the claims of the Class members in that the other class members are also owners of a Recalled Vehicle and have also been deceived or misled by similar misrepresentations about the risk of sudden unintended

acceleration in Recalled Vehicles, and have all similarly suffered harm as a result of Defendants' violation of law, as alleged herein.

23.     The claims within the class are typical, because each and every member of the Class brings the same cause of action for damages and injunctive relief.

**Adequacy of Representation**

24.     Plaintiff will fairly and adequately represent and pursue the interests of Class members. Plaintiff's counsel has vast experience in consumer class action cases. Plaintiff understands the nature of his claims herein, has no disqualifying conditions, and will vigorously represent the interests of the Class.

**Requirements of Rule 23(b)(3)**

25.     Certification is also appropriate under Rule 23(b)(3) because common issues predominate. The exact same issues will apply uniformly to each Class member seeking damages herein and injunctive relief as set forth explicitly in the common questions of law and fact listed above.   Also, a class action is a superior methodology for the litigation of these issues because individual class members have no practical interest or ability to bring this action for damages or injunctive relief in their individual capacity.

**Predominance and Superiority**

26.     This Class action is appropriate for certification because questions of law and fact common to the Members of the Class predominate over questions affecting only individual Members, and a Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all Members of the Class is impracticable. Should individual Class members be required to bring separate actions, this Court and courts throughout the State of Florida would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In

contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

**COUNT I**
**VIOLATION OF THE FLORIDA DECEPTIVE AND**
**UNFAIR TRADE PRACTICES ACT**
**FLORIDA STATUTES §§ 501.201 et seq.**

27.     Plaintiff, HUMBERTO RIVAS-VIGIL, individually and on behalf of all others similarly situated, readopts and realleges the allegations contained in paragraphs 1 through 26 as though fully set forth herein.

28.     This action is brought to secure redress for the unlawful, deceptive and unfair trade practices perpetrated by the Toyota Defendants.

29.     Plaintiff and all Class Members are "consumers" and the subject transactions are "trade or commerce" as defined by Florida Statute §501.203(8).

30.     Defendants' actions and/or omissions as described herein violate Florida Statutes, §501.201, *et. seq.*, which was enacted to protect the consuming public from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

31.     Specifically, the Toyota Defendants misrepresented omitted material information regarding the risk of sudden unintended acceleration in Recalled Vehicles.

32.     Even though the Toyota Defendants knew or should have known of the defective nature of the vehicles, it continued to sell the vehicles to consumers without properly disclosing this defect or correcting the defect.

8

33.    Defendant Toyota's sales practices were deceptive, misleading, and intended to increase their own profits to the detriment of the consumers. Defendant Toyota has profited from its uniform deceptive practices, in that Defendant Toyota received millions of dollars for floor mats and accelerator pedals which are useless and worthless causing Plaintiff and the Class Members substantial injuries.

34.    The Toyota Defendants' misrepresentations and concealment of material facts constitute unconscionable commercial practices, deception, fraud, false pretenses, misrepresentation, and/or the knowing concealment, suppression, or omission of materials facts with the intent that others rely on such concealment, suppression, or omission in connection with the sale of Recalled Vehicles in violation of Florida Statutes, §501.201, *et. seq.*

35.    The Toyota Defendants violated Florida Statutes, §501.201, *et. seq.*, by knowingly and falsely representing that Defendants' vehicles were fit to be used for the purpose for which they were intended when Defendants knew the vehicles were dangerous, ineffective, unsafe and by other acts alleged herein.

36.    The Toyota Defendants engaged in the deceptive acts and practices alleged herein in order to sell Defendants' vehicles to the public, including Plaintiff and the Class Members.

37.    Said acts and practices on the part of the Toyota Defendants were and are illegal and unlawful pursuant to Florida Statute §501.204.

38.    Plaintiff and the Plaintiff Class suffered ascertainable losses as a direct result of Defendants' employment of unconscionable acts or practices, and unfair or deceptive acts or practices. Plaintiff and the Plaintiff Class are entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs and reasonable attorney's fees.

## COUNT II
## BREACH OF IMPLIED WARRANTY

39.     Plaintiff HUMBERTO RIVAS-VIGIL, individually and on behalf of all others similarly situated, readopts and realleges the allegations contained in paragraphs 1 through 26 as though fully set forth herein.

40.     At the time the Toyota Defendants marketed, sold, and distributed automobiles for use by Plaintiff and Class Members, the Toyota Defendants knew of the use for which the Recalled Vehicles were intended and impliedly warranted the product to be of certain quality.

41.     The Toyota Defendants embarked on and carried out a common scheme of marketing and selling automobiles by falsely and deceptively representing that the vehicles were safe and without defects, specifically, that the accelerator pedal of the Recalled Vehicles was fit for its intended use.

42.     Said representations and warranties aforementioned are false, misleading and inaccurate in that the Recalled Vehicles are unsafe and unreasonably dangerous due to the defective accelerator pedals.

43.     The Recalled Vehicles were defective, unmerchantable, and unfit for ordinary use when sold, and unfit for the particular use for which they were sold.

44.     The Recalled Vehicles contain a defect which renders them either absolutely useless or renders their use inconvenient and imperfect such that Plaintiff and the Class Members would not have purchased the Recalled Vehicles had they known of the defect.

45.     The damages in question arose from the reasonably anticipated use of the product in question.

46.     The Toyota Defendants breached the implied warranties of merchantability and fitness for a particular purpose when its Recalled Vehicles were sold to Plaintiff and the Class

Members, in that the accelerator pedals are defective and have otherwise failed to function as represented and intended.

47.     As a direct and proximate cause of the Toyota Defendants' breach of the implied warranties of merchantability and fitness for a particular purpose, Plaintiff and the Class Members have sustained and will continue to sustain the loss of use of their vehicles, severe emotional distress, economic losses and consequential damages, and is therefore entitled to compensatory damages and equitable and declaratory relief according to proof.

**COUNT III**
**<u>UNJUST ENRICHMENT</u>**

48.     Plaintiff HUMBERTO RIVAS-VIGIL, individually and on behalf of all others similarly situated, readopts and realleges the allegations contained in paragraphs 1 through 26 as though fully set forth herein.

49.     The Toyota Defendants have received benefits from Plaintiff and the Class Members when each purchased a Recalled Vehicle.

50.     By failing to disclose the true scope and cause of the rick of sudden unintended acceleration in Recalled Vehicles, the Toyota Defendants has been unjustly enriched.

51.     As a direct and proximate result of the foregoing, Plaintiff and the Class Members have suffered damages. Plaintiff and the Class Members are entitled to compensatory damages, equitable and declaratory relief, punitive damages, costs, and a reasonable attorneys' fees.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff, HUMBERTO RIVAS-VIGIL, individually and on behalf of the proposed class, prays for the Court to:

A.     Enter an order certifying a class action pursuant to Federal Rules Civil Procedure Rule 23 (a), (b) (2) and (b)(3) consisting of the class defined herein and directing that appropriate notice to class members be delivered;

B.      Designate Plaintiff as representative of the proposed class and designate her counsel as class counsel;

C.      Enter judgment in favor of Plaintiff and the class and against Defendants Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing North America, Inc. and Toyota Motor Sales, U.S.A., Inc.

D.      Award Plaintiff and the Class Members' restitution, disgorgement, actual, statutory and punitive damages, and attorneys' fees and costs, including pre-judgment and post-judgment interest thereon;

E.      Enter a temporary, preliminary and permanent order for injunctive relief enjoining Defendants from continuing to engage in the business practices complained of herein;

F.      Provide such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, HUMBERTO RIVAS-VIGIL, individually and on behalf of the Plaintiff Class Members, hereby demands a trial by jury as to all issues so triable

DATED: February 5, 2010

By: _____
        Jordan L. Chaikin
        Florida Bar Number 0878421
        **PARKER WAICHMAN ALONSO LLP**
        3301 Bonita Beach Road, Suite 101
        Bonita Springs, Florida 34134
        Telephone: (239) 390-1000
        Facsimile: (239) 390-0055
        Email: jchaikin@yourlawyer.com